STOULIG, Judge,
dissenting.
I respectfully dissent.
Joseph Lytell, after 16 years on the job, permanently injured his back January 5, 1975[1] when two of many defects in a forklift machine combined to create the hazard that resulted in his accident. As Lytell operated the forklift to move a palletized seven-foot-high load of freight from one area of the warehouse dock to another, one of the blades of the forklift disengaged causing the freight to toppel backward toward Lytell. As he jumped from the machine to avoid being hit he stepped in an oil slick that had escaped from the crank case of the forklift.
Not only had Lytell and other Strickland employees called the oil leak and the disengaging blade to management’s attention, they also requested needed repairs to no avail. The majority opinion succinctly states the numerous defects in the machine of which both Lytell and his supervisors were aware.
I conclude Lytell was not contributorily negligent nor did he assume the risk of injury because the circumstances here bring him under the Chaney v. Brupbacher[2] decision. The majority quotes criteria from Miller v. Employers Mutual Liability Ins. Co.[3] for determining whether an employee in an executive officer action is contributo-rily negligent; viz:
“Emerging as criteria for determining an employee’s contributory negligence are: (1) relative knowledge of the danger by the supervising employee and the injured employee; (2) relative control over the employee’s situation; (3) the degree to which the employee’s conduct is voluntary on his part; (4) alternatives available to the employee; (5) obviousness of the danger; and (6) relative ability to eliminate the danger.”
In Miller the employee (1) had a greater knowledge of the risk than did his supervi *237 sor; (2) had an alternative safer method for performing the task (changing a door); and (3) could have eliminated what should have been an obvious danger.
By contrast Lytell (1) had unsuccessfully tried to have his supervisors correct defects in the forklift; (2) used the only means available to perform the job he was assigned; and (3) had the unhappy alternative of using the forklift or refusing to do the job.
Lytell, 51 years old at the time of the accident, could have refused to use the forklift; however, at his age it is unlikely different employment would have been readily available to him.
The majority finds plaintiff negligent in lifting the load higher than the boom of the forklift because a counter weight had been removed from the back of it (another defect) and there was a danger of cargo toppling over after being raised a certain height. Employees testified and supervisors confirmed that all forklift operators at Strickland must, from time to time, lift cargo above the boom either to avoid stacked freight on the loading dock or because the packages (example — household goods) are higher than the boom. The majority suggests that the palletized, banded together stack of boxes could have been moved in a more prudent manner, perhaps by dividing the stack into two loads.
If, as the majority suggests, the plaintiff was negligent in how he moved the load, defendants bore the burden of proving this. C.C.P. art. 1005 lists contributory negligence as an affirmative defense, which defendants, who relied on it, should have been required to prove.
I believe this court should award damages under the Chaney v. Brupbacher holding.

.This cause of action arose before R.S. 23:1032 was amended by La. Acts 1976 No. 147 which eliminated this type of suit as a valid cause of action.

. 242 So.2d 627 (La.App. 4th Cir. 1970).

. 349 So.2d 1353 (La.App. 2nd Cir. 1977).